UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DONNIE BRYANT,<br><br>        Defendant. | 2:06-CR-00234-PMP-GWF<br><br>ORDER |

Before the Court is Defendant Donnie Bryant's motion to vacate under 28 U.S.C. § 2255 (Doc. #655). Bryant raises two issues. First, Bryant argues he must be re-sentenced because he was a juvenile who was sentenced to mandatory life imprisonment without the opportunity to present mitigating factors supporting a sentence with a meaningful opportunity for release. The Government concedes Bryant is entitled to a new sentencing hearing. At the hearing conducted July 25, 2013, the Court granted Bryant's motion for re-sentencing, which is now set for October 28, 2013.

        Second, Bryant challenges the jury instruction given at trial on the charges of violent crimes in aid of racketeering enterprise ("VICAR"). Bryant argues his appellate counsel was ineffective because appellate counsel focused on a frivolous argument regarding the effect on interstate commerce, which distracted from the more substantial jury instruction issue. Bryant further contends appellate counsel presented the erroneous jury instruction as an insufficiency of the evidence claim instead of as an erroneous jury instruction claim.

The Government responds this portion of Bryant's § 2255 petition is untimely because it was not filed within one year of the date Bryant's conviction became final. On the merits, the Government argues Bryant already raised the propriety of the jury instruction in his direct appeal, and the Court therefore should not consider this issue again in a § 2255 motion. The Government further contends Bryant's appellate counsel was not ineffective for raising a meritless issue on appeal. The Government argues the decision to raise the jury instruction issue in the context of a sufficiency of the evidence claim was a strategic decision which cannot support an ineffective assistance claim. According to the Government, Bryant cannot show prejudice because the issue was raised and the Ninth Circuit addressed the jury instruction, finding no error at all. Consequently, the standard of review did not matter to the Ninth Circuit's resolution of the jury instruction issue.

The Court finds Bryant's second ground for relief must be denied. Bryant did not file his § 2255 motion within one year from the date his conviction became final. Bryant's motion with respect to the jury instruction issue therefore is not timely under § 2255(f)(1), unless he is entitled to equitable tolling. United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004). For equitable tolling to apply, the movant must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, --- U.S. ----, 130 S. Ct. 2549, 2562 (2010) (quotation omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Id. at 2565 (quotation and internal citations omitted). In some circumstances, professional misconduct by the petitioner's counsel may "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." Id. at 2563.

The threshold required to trigger equitable tolling is "very high." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quotation omitted). Because equitable tolling is a fact intensive inquiry, the Court should develop "an adequate evidentiary record before

. . . determining whether the statute of limitation should be equitably tolled." Battles, 362 F.3d at 1198 (quotation omitted).

Here, there is little record evidence Bryant has been pursuing his rights diligently. The Ninth Circuit remanded for re-sentencing in December 2009. (Mem. Op. (Doc. #608).) This Court entered the order on mandate in January 2010 and set the matter for re-sentencing for February 22, 2010. (Order (Doc. #612).) According to the minutes of the February 22 hearing, the parties agreed to submit a stipulation to the Court regarding which counts should be dismissed and also addressed whether Bryant wanted to be present at the re-sentencing. (Mins. of Proceedings (Doc. #614).) On March 8, 2010, the United States and Bryant's counsel filed a stipulation (Doc. #615) setting forth which counts would be dismissed to comport with the Ninth Circuit's decision, and the parties proposed amendments to the Judgment. The stipulation states that it was done with a "waiver of defendant's presence, filed contemporaneously herewith." (Stip. (Doc. #615) at 1.) However, no waiver is included with the filing, nor is any such waiver located elsewhere in the record. The Government states it has attempted to locate the waiver without success. (United States' Resp. to Def.'s Mot. to Expedite (Doc. #643) at 2 n.1.) Based on the Ninth Circuit's decision and the parties' stipulation, the Court entered an Amended Judgment of Conviction on March 10, 2010. (Am. J. (Doc. #617).)

The Court did not hear from Bryant again until August 31, 2012, when Bryant, acting pro se, filed a Motion Requesting the Appointment of Counsel to Represent Petitioner on Remand for Resentencing (Doc. #639) and Motion to Expedite (Doc. #640). In these motions, Bryant requested assistance of counsel on remand for his re-sentencing, and requested that the Court expedite re-sentencing following the remand by the Ninth Circuit. Bryant stated in his Motion to Expedite that at that point "[t]hirty-two months has [sic] passed since the appellate court[']s ruling." (Mot. to Expedite at 1.) Bryant contended he "remain[ed] on remand and is hereby moving the district court to expedite and resolve

1  this matter at its earliest convenience." (Id.)

2        The Government responded that Bryant's motion was moot because the Court
3  already had re-sentenced him. (United States' Resp. to Def.'s Mot. to Expedite (Doc.
4  #643).) The Government also argued that Bryant's lack of presence at re-sentencing was
5  irrelevant, as this particular re-sentencing was not a critical stage of the proceedings
6  because the Court had no discretion on re-sentencing on remand. (Id.)

7        In reply, Bryant argued that he did not stipulate to waiving his presence at
8  re-sentencing, he did not know he had been re-sentenced, and he intended to file a § 2255
9  following re-sentencing. (Def.'s Reply to Gov't's Resp. to Def.'s Mot. to Expedite
10 Sentencing (Doc. #649).) Bryant argued he had a right to be present at re-sentencing, and
11 he thus requested re-sentencing. Alternatively, Bryant argued that because no evidence
12 showed Bryant was aware he had been re-sentenced, the one-year limitation period should
13 be tolled to allow him to file a § 2255 motion. Because this request was made in Bryant's
14 reply brief, the United States did not have the opportunity to respond. The Court granted
15 Bryant's request to extend the deadline to file the § 2255 motion without explanation.
16 (Order (Doc. #650).)

17       Bryant's August 31, 2012 Motion to Appoint Counsel and Motion to Expedite
18 suggest he did not know the Court already had re-sentenced him on remand. But looking at
19 the diligence factor alone, Bryant waited a long time to request a status update or ruling.
20 The remand occurred in December 2009, a fact Bryant apparently was aware of, given his
21 statement in his Motion to Expedite regarding how much time had passed. The only
22 evidence of diligence is that Bryant eventually proceeded pro se to request the Court resolve
23 his re-sentencing on remand, which was not until August 2012, two years and eight months
24 after remand. There is no other evidence of diligence, as Bryant's counsel presents no
25 evidence that, for example, Bryant contacted his attorney numerous times asking for an
26 update. The Court concludes that two years and eight months is not diligent absent other

4

evidence regarding why Bryant waited so long. On this basis alone, Bryant should be denied equitable tolling.

As to extraordinary circumstances, Bryant contends he never agreed to re-sentencing without his presence, that he was unaware he was sentenced or that an amended judgment was entered, and that he intended to file a § 2255 following re-sentencing. However, evidence supporting the extraordinary circumstances prong is weak. Bryant's pro se filing asked when he was going to be re-sentenced, which suggests he was not aware he already had been re-sentenced. There is no stipulation waiving his presence at re-sentencing, which tends to support Bryant's claim that he never stipulated to waiving his attendance at re-sentencing. A declaration from Bryant's new counsel, appointed by this Court after receiving Bryant's Motion to Expedite, states under penalty of perjury that Bryant told him:

> a.) That the Defendant never signed, agreed to, or personally stipulated, to any re-sentencing in this matter without his presence.
> b.) That the Defendant was unaware that he was re-sentenced and that on March 10, 2010, an Amended Judgment of Conviction was entered in his case.
> c.) That the Defendant intended, and intends, to file a motion pursuant to 28 U.S.C. § 2255 attacking his sentence upon re-sentencing, or as soon as he learns that re-sentencing occurred.

(Def.'s Reply to Gov't's Resp. to Def.'s Mot. to Expedite Sentencing (Doc. #649) at 3.) However, Bryant does not present his own declaration attesting to these facts, nor does Bryant provide a declaration from his former counsel regarding the matter.

When this Court granted Bryant leave to file his § 2255 motion (Order (Doc. #650)), the Order did not make any findings regarding diligence or extraordinary circumstances to support equitable tolling. Thus, the responsibility of Bryant to come forward with evidence showing diligence and extraordinary circumstances was not relieved, and this Court has no viable basis on which to find diligence or extraordinary circumstances exist to support equitable tolling. As a result, Bryant's second basis for relief should be

denied.

Regardless, the Court also finds that Bryant is not entitled to relief on the merits of his claim. Generally, once a defendant "has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition" because the prior decision becomes the law of the case. United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000). "Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quotation omitted). A court, in its discretion, may "depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." Id.

Although Bryant contends the jury instruction issue was raised only in the context of a sufficiency of the evidence claim, Bryant's brief on direct appeal before the Ninth Circuit shows Bryant's appellate counsel raised the issue of an erroneous VICAR jury instruction in the direct appeal. In the opening brief, Bryant's appellate counsel set forth this Court's VICAR jury instruction, and then argued:

> This instruction is erroneous for the same reasons cited in United States v. Banks, 514 F.3d at 969 as it is identical, in pertinent part, with the instruction given in that case. Id. at 964-65. This erroneous instruction requires reversal of all VICAR related counts.
> Even in the absence of the erroneous jury instruction, there is insufficient evidence of any motive on the part of Appellant Bryant (obviously, Appellant makes no admission to participation in the underlying criminal conduct but simply is not raising an issue on the sufficiency of that evidence).

Appellant's Op. Br., United States v. Bryant, No. 08-10348, 2008 WL 5609909 (Dec. 17, 2008). Bryant thus argued both that the instruction was erroneous and that there was insufficient evidence of his purpose. The Government responded to both arguments in its

6

response brief.  Appellee's Resp. Br., <u>United States v. Bryant</u>, No. 08-10348, 2009 WL 3639776 (Mar. 16, 2009).

Further, the Ninth Circuit's memorandum disposition resolved both sufficiency of the evidence and whether the jury instruction was erroneous:

> B. VICAR requires that the defendant's crime be "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering."  18 U.S.C. § 1959(a).  Under the plain error standard, sufficient evidence supports this element of Bryant's conviction.  The jury heard evidence that Squad Up required its members to "put in" work in order to move up within the gang's ranks.  The jury heard evidence that a Squad Up member could put in work by shooting rival gang members or protecting the gang's territory.  Moreover, the jury heard evidence that Bryant was a "gunslinger."  Finally, the jury heard evidence that the shooting victims were threatened by Squad Up members for selling drugs in Squad Up territory.  Thus, the jury had ample evidence, upon which to conclude that Bryant's purpose in committing the murder was to "maintain[ ] or increas[e] position in [Squad Up]."
>
> C. Bryant argues that the district court gave erroneous jury instructions on the "purpose" element of VICAR.  We disagree.  "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation."  <u>United States v. Frega</u>, 179 F.3d 793, 807 n.16 (9th Cir. 1999).  Read as a whole, the jury instructions, though not perfect, were not misleading.

<u>United States v. Bryant</u>, 357 F. App'x 945, 947 (9th Cir. 2009).  In a footnote following the above quote, the Ninth Circuit stated:

> Though we uphold the jury instruction in this case, the court's jury instruction could benefit from more precise phrasing.  See <u>United States v. Smith</u>, 520 F.3d 1097, 1104 n.3 (9th Cir. 2008).  Accordingly, we request that the Ninth Circuit Jury Instructions Committee examine this matter and clarify proper jury instructions for future reference.  Specifically, we direct the Committee's attention to this Court's articulation of the controlling legal standard for the "purpose" element of VICAR in <u>United States v. Banks</u>, 514 F.3d 959 (9th Cir. 2008).

<u>Id.</u> at 947 n.1.

As shown by the briefing and the Ninth Circuit's decision, Bryant's appellate counsel raised the issue that the VICAR instruction on the purpose element was erroneous under <u>Banks</u>, the Government responded, and the Ninth Circuit addressed it in its

7

disposition. Consequently, the Ninth Circuit's ruling is law of the case, and this Court need not revisit the issue.

Bryant contends his appellate counsel was ineffective for raising a meritless issue while at the same time failing to raise the jury instruction issue as erroneous rather than in the context of a sufficiency of the evidence claim. Bryant argues the instruction was erroneous because, like the VICAR instruction in Banks, it allowed the jury to find this element satisfied even if the jury found some incidental purpose to maintain or increase his position in the gang, rather than that increasing or maintaining his position in the gang was Bryant's substantial purpose. The Government responds that counsel is not ineffective for raising a meritless issue. Additionally, the Government argues the Ninth Circuit already found no error in the instruction, and consequently Bryant cannot show deficient performance or prejudice under Strickland v. Washington, 466 U.S. 668 (1984). In his reply brief, Bryant makes a somewhat different argument, contending the jury instruction is ambiguous and there is a reasonable likelihood the jury applied the instruction in a way that relieved the Government of its burden of proving every element of the crime beyond a reasonable doubt.

The Government gets off track by contending counsel is not ineffective for raising a meritless issue on appeal. That is true, but Bryant does not argue that. Rather, Bryant uses the meritless issue as evidence that counsel was ineffective by devoting time and resources to a meritless issue when he should have presented the erroneous jury instruction issue. This is not an independent claim of ineffective assistance.

However, as discussed above, appellate counsel presented this issue to the Ninth Circuit as an erroneous jury instruction claim, as well as a sufficiency of the evidence claim. Although the argument was contained in a section of the brief that otherwise discussed sufficiency of the evidence, appellate counsel raised the argument that the instruction was erroneous under Banks. Counsel therefore presented the argument that Bryant claims

counsel was ineffective for not presenting to the Ninth Circuit, and the Ninth Circuit ruled on it, finding no error.  Consequently, Bryant can show neither deficient performance nor prejudice based on a claim that appellate counsel was ineffective for failing to raise the issue of whether the VICAR instruction was erroneous under Banks.

       In his reply brief, Bryant also contends that counsel failed to present the correct standard, and the Ninth Circuit resolved the issue under the wrong standard.  According to Bryant, the Ninth Circuit resolved only whether the instructions as a whole were misleading.  But Bryant contends appellate counsel should have argued, and the Ninth Circuit should have resolved, whether the jury instruction was ambiguous and thereby created a "reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution."  Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quotation omitted).

       The Ninth Circuit's memorandum disposition resolving Bryant's appeal cited to footnote 16 in Frega when addressing the erroneous jury instruction claim.  Footnote 16 in Frega sets forth a standard of review for jury instructions, including that "[w]hether a jury instruction misstates the elements of a statutory crime is a question of law and is reviewed de novo."  179 F.3d at 807 n.16.  Presumably, the Ninth Circuit followed the standard of review it cited, reviewed de novo Bryant's claim that the VICAR purpose element was misstated, and found no error.

       Moreover, even setting aside the Ninth Circuit's prior decision that this Court's VICAR instructions "though not perfect, were not misleading," an independent review shows the instructions on the VICAR count were not ambiguous and did not so infect the trial as to result in a due process violation.  A jury instruction violates due process if it fails to give effect to the requirement that the Government must prove every element of the charged offense.  Middleton v. McNeil, 541 U.S. 433, 437 (2004).  "Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due

9

process violation." Id.  Rather, the "question is 'whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process.'" Id. (quoting Estelle, 502 U.S. at 72).  The Court must view the challenged instruction in context of the instructions as a whole.  Id.  "If the charge as a whole is ambiguous, the question is whether there is a 'reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution."  Id. (quoting Estelle, 502 U.S. at 72).

VICAR, 18 U.S.C. § 1959(a), provides:

> Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished . . . .

To convict a defendant of a VICAR charge, the Government must prove beyond a reasonable doubt "(1) that the criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the defendant[ ] committed a violent crime; and (4) that [the defendant] acted for the purpose of promoting [his] position in a racketeering enterprise." United States v. Bracy, 67 F.3d 1421, 1429 (9th Cir. 1995).  Only the fourth element, the "purpose" element, is at issue here.

In Banks, the Ninth Circuit reviewed a district court's jury instructions on the "purpose" element of a VICAR offense.  The district court instructed the jury that the purpose element could be satisfied if "at least one of the defendant's purposes in committing [the violent crime] was to gain entrance or maintain or increase his position in the enterprise"; that the Government need not "prove that this motive was the sole purpose, or even the primary purpose of the Defendant in committing the charged crime"; and that the jury "need only find that it was one of his purposes."  Banks, 514 F.3d at 964-65 (emphasis and quotation marks omitted) (attached).  The district court "further instructed

10

the jury that the fourth element could be satisfied if the Defendant committed the charged violent crime at least in part because he knew it was expected of him by reason of his membership in the enterprise or that he committed it in furtherance of that membership." Id. (quotation marks omitted).

The Ninth Circuit found the jury instructions on the purpose element were erroneous, and held that "although the law does not require that the defendant's gang-related purpose be his primary or sole purpose, it does require that his purpose be more than merely incidental: It must be within his 'general' purpose, or, in the alternative, the violence committed must be in some way 'integral' to the defendant's membership in the gang." 514 F.3d at 969.  As the Ninth Circuit explained:

> By permitting the jury to find only that [the defendant's] desire to maintain or enhance his status in the gang was "one of" or "at least one of" his purposes or "at least in part" due to his membership in the gang, the district court ran the risk that the jury would focus not on [the defendant's] general purpose in committing these crimes and its relationship to his status in the gang, but merely on his status as a gang member.  Given that status, the jury could easily infer that he acted "at least in part" to enhance his membership and status within the gang.
> We are persuaded that VICAR requires more than this.  People often act with mixed motives, so the gang or racketeering enterprise purpose does not have to be the only purpose or the main purpose of the murder or assault.  But it does have to be a substantial purpose. . . . By limiting the statute's scope to those cases in which the jury finds that one of the defendant's general purposes or dominant purposes was to enhance his status or that the violent act was committed "as an integral aspect" of gang membership, we ensure that the statute is given its full scope, without allowing it to be used to turn every criminal act by a gang member into a federal crime.

Id. at 969-70.

In Bryant's case, this Court instructed on the "purpose" element of VICAR as follows:

> The Government must also prove that at least one of Defendant Bryant's purposes or motives in committing the offenses charged in Counts One, Four, Seven through Eleven, and Twenty-Two through Twenty-Six was to gain entrance to, or to maintain, or to increase his position in a criminal enterprise.  In this case, the alleged enterprise is

11

>    Squad Up.
>    It is not necessary for the Government to prove that this motive was the sole purpose, or even the primary purpose of Defendant Bryant in committing the charged crime. You need only find that Defendant Bryant committed the charged crime as an integral aspect of his membership in Squad Up.
>    This element is thus satisfied if Defendant Bryant committed the charged violent crime at least in part because he knew it was expected of him by reason of his membership in the enterprise or that he committed it in furtherance of that membership.
>    In determining the Defendant's purpose in committing the alleged crime, you must determine what he had in mind. Since you cannot look into a person's mind, you have to determine purpose by considering all of the facts and circumstances before you.

(Jury Instr. (Doc. #399) at 32.)

In his reply brief, Bryant attacks the use of the word "integral" as ambiguous, contending it allowed the jury to apply the instruction in a way that relieved the Government of its burden of proving that Bryant's "substantial" purpose in committing the violent act was to maintain or increase his membership in Squad Up. However, the Banks instruction was inadequate because it did not quantify how much of the defendant's purpose had to be related to increasing or maintaining his position in the enterprise. Thus, a jury could have convicted on evidence of a mere incidental purpose, which the Ninth Circuit concluded was insufficient. In contrast, this Court instructed that Bryant must have committed the crime "as an integral aspect of his membership in Squad Up." The word "integral" ensures the jury had to find more than an incidental purpose. See Banks, 514 F.3d at 969-70.

Further, although Bryant contends the word "integral" is ambiguous, he does not explain why a jury would not understand the word, or why there would be a reasonable likelihood the jury would apply the instruction in a way that would violate due process. By requiring the jury to find Bryant committed the crime as an integral aspect of his gang membership, the Court did not lower the burden of proof on this element. Rather, it applied the level of proof the Ninth Circuit stated was appropriate in Banks:

> By limiting the statute's scope to those cases in which the jury finds that one of the defendant's general purposes or dominant purposes was to enhance his status or that the violent act was committed 'as an integral aspect' of gang membership, we ensure that the statute is given its full scope, without allowing it to be used to turn every criminal act by a gang member into a federal crime.

Banks, 514 F.3d at 970.  There is no basis to assume jurors do not understand what "integral" means, or that there is a reasonable likelihood the jurors misunderstood it to mean incidental.

In sum, the Court finds that Bryant has not shown entitlement to equitable tolling with respect to his second ground for relief.  To the extent Bryant may be entitled to equitable tolling, his Petition fails on the merits.

IT IS THEREFORE ORDERED that Defendant Bryant's motion to vacate under 28 U.S.C. § 2255 (Doc. #655) is hereby DENIED as to Ground Two.

DATED: July 25, 2013

_____
PHILIP M. PRO
United States District Judge