**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | Case No.: 2:06-cr-00234-GMN-GWF-1 |
| vs. ) | |
| ) | **ORDER** |
| DONNIE BRYANT, ) | |
| ) | |
| Petitioner/Defendant. ) | |
| ) | |

Pending before the Court is Petitioner Donnie Bryant's ("Petitioner") *pro se* Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2020 Motion to Vacate"), (ECF No. 835). The Government filed a Response, (ECF No. 837), and Petitioner did not file a reply.

**I.  BACKGROUND**

On February 28, 2006, Petitioner was convicted on several counts of Violent Crimes in Aid of Racketeering Activity ("VICAR"), including murder, and numerous weapons offenses under 18 U.S.C. § 924(c), for acts he committed as a juvenile. (Superseding Indictment, ECF No. 18). The sentencing court, acting pursuant to mandatory sentencing statutes, sentenced Petitioner to life imprisonment for the VICAR murder count (Count 1), plus an additional 50 years for the other offenses. (J., ECF No. 566).

Petitioner appealed, arguing that the evidence was insufficient to support his convictions under VICAR, and that several of his VICAR and § 924(c) convictions were multiplicitous and violated the Double Jeopardy clause. *See United States v. Bryant*, 357 Fed. App'x. 945, 947 (9th Cir. 2009). The Ninth Circuit affirmed in part, remanded with instructions to vacate in

part, and dismissed in part.[1] *Id.* at 948. On remand, the parties filed a stipulation to dismiss certain counts. (*See* Order on Stipulation, ECF No. 616). On March 10, 2010, the Court entered an amended judgment sentencing Petitioner to life imprisonment, plus an additional 40 years for the other offenses. (2010 Am. J., ECF No. 617).

Following the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which held that the Eighth Amendment prohibits a juvenile from being subjected to a mandatory sentence of life in prison without parole, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. (2013 Mot. Vacate, ECF No. 655). In that motion, Petitioner also argued that his convictions should be vacated because the district court gave an erroneous jury instruction regarding VICAR's "purpose" element. The court granted Petitioner's motion for re-sentencing in the light of *Miller*, but denied Petitioner's motion to vacate the convictions. (Mins. of Proceedings, ECF No. 671); (Order, ECF No. 672). The Court subsequently sentenced Petitioner to 40 years in prison for his VICAR murder conviction, for a total of 80 years for all of the counts of conviction. (2014 Am. J., ECF No. 694).

Petitioner timely filed an appeal regarding the denial of both his motion to vacate, and his amended sentence. In that appeal, Petitioner argued, *inter alia*, that the court failed in considering relevant sentencing factors under *Miller* and under § 3553(a), and that his sentence violated the Eight Amendment. *United States v. Bryant*, 609 F. App'x 925, 927–29 (9th Cir. 2015). On April 27, 2015, the Ninth Circuit issued its decision, rejecting each of Petitioner's arguments and affirming the district court. *Id.* Additionally, the Ninth Circuit noted: "It appears that the district court actually misapplied [18 U.S.C. § 924(c)], which should have subjected Bryant to an additional 110 years in prison, rather than 40. Because the government

---

[1] The Ninth Circuit dismissed one of Petitioner's § 924 convictions, Count 36, explaining that, "[t]he jury . . . returned a guilty verdict under § 924(c) on count 36. This count incorporated by reference count 16, for which Bryant was never charged." *United States v. Bryant*, 357 F. App'x 945, 948 (9th Cir. 2009).

did not appeal this issue during Bryant's first appeal, Bryant was able to retain the benefit of this miscalculation." *Id.* at 928 n.2.

On June 25, 2015, the U.S. Supreme Court announced its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court ruled that the "residual clause" of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. In light of *Johnson*, and pursuant to the District of Nevada's First Amended General Order 2015-03 ("Amended General Order"), the Office of the Federal Public Defender for the District of Nevada (the "FPD") filed an abridged 2255 Motion ("FPD's Mot. Vacate"), (ECF Nos. 759, 779), on Petitioner's behalf. The Court granted the FPD's Motion in part by vacating Petitioner's conviction for Using a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(3)(B), (Count 6), because the Supreme Court also invalidated § 924(c)'s "residual clause" in *United States v. Davis*, 139 S. Ct. 2319, 2335–36 (2019). (Order 11:19–12:12, ECF No. 826). The Court also vacated the 10-year sentence associated with Count 6, further reducing Petitioner's overall sentence to 70 years.[2] (*Id.* 14:16–21).

On February 29, 2016, Petitioner filed another 2255 Motion ("2016 Mot. Vacate"), (ECF No. 755), arguing that: (1) the sentencing court abused its discretion in sentencing him without considering the mandatory sentencing factors under *Montgomery v. Louisiana*; (2) his sentence violates the Eighth Amendment; (3) his conviction and sentence for VICAR murder cannot stand because his prior VICAR murder adjudication was "expunged"; (4) the Government was prohibited from charging him with VICAR murder because, at the time he committed that offense, he was on "juvenile probation" for a previous VICAR murder; and (5) his trial attorney was ineffective during plea negotiations. (2016 Mot. Vacate at 10–16, ECF No. 755). The Court denied Petitioner's 2016 Motion because claims one and two were

---

[2] The 70-year sentence reflects the 40 years for Petitioner's VICAR murder conviction, and the reduction from 40 to 30 years for his additional § 924(c) offenses after the Court vacated Count 6's 10-year sentence.

successive, and Petitioner procedurally defaulted on claims three, four, and five. (Order 5:12–10:15, ECF No. 826).

Petitioner now brings the present § 2255 Motion, which again alleges that his conviction should be vacated for various constitutional violations. (*See generally* 2020 Mot. Vacate, ECF No. 835).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

## III.   DISCUSSION

Petitioner's 2020 Motion to Vacate argues that his conviction should be vacated for five reasons: (1) the Amended Judgment, (ECF No. 828), following the Court's vacatur of Count 6 still erroneously reflects a total sentence of 80 years and a fine of $1,100; (2) Petitioner's sentence violates the Eighth Amendment because it "contravenes the logic of *Miller*;" (3) Petitioner was deprived of due process when the Court failed to appoint a neuropsychological expert to develop mitigating evidence at trial; (4) Petitioner was deprived of due process because the Court's analysis during resentencing was inconsistent with *Miller*; and (5)

ineffective assistance of counsel for the failure to impeach witnesses at trial. (2020 Mot. Vacate at 3–11, ECF No. 835).  The Court will discuss each claim in turn.

### A. Claim One

As an initial matter, the Court agrees with Petitioner's first claim that a clerical error exists in the Amended Judgment; the Amended Judgment reflects a total sentence of 80 years and a fine of $1,100, even though the Court vacated Count 6, which should have reduced Petitioner's total sentence to 70 years and a fine of $1,000. (*See* Amended J., ECF No. 828); (J., ECF No. 827) (vacating Petitioner's conviction for Count 6 and his sentence of 10 years as to the same).  Accordingly, the Court will construe Petitioner's Motion as to this issue as a request under Federal Rule of Criminal Procedure 36 to correct a clerical error. *See* Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission.").  The Government also agrees that this clerical error exists and should be corrected. (Resp. 1:19–2:3, ECF No. 837).  Therefore, the Court grants Petitioner's Motion to correct the clerical error, and the Court will amend the judgment accordingly.

### B. Claims Two, Three, and Four

Petitioner's claims two, three, and four have already been argued in this Court and on direct appeal, multiple times, and thus are barred as successive claims. *See United States v. Bryant*, 609 Fed. Appx. 925 (9th Cir. 2015); (Order 5:12–7:6, ECF No. 826).  Under the successive claim rule, "[w]hen a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) (citing *United States v. Redd*, 759 F.2d 699, 700–01 (9th Cir. 1985)).  Restating an issue by using different language does not make a previously considered claim reviewable. *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979).

Here, the issues raised by Petitioner in claims two, three, and four of his 2020 Motion to Vacate have already been raised on direct appeal to the Ninth Circuit in *United States v. Bryant*, 609 Fed. Appx. 925 (9th Cir. 2015). For example, in claims two and four, Petitioner argues that his new sentence "contravenes the logic of *Miller*" and violates the Eighth Amendment because the sentence fails to provide him with a meaningful opportunity to reenter society. (2020 Mot. Vacate at 5–6, 7–9). However, the Ninth Circuit already decided that the district court properly considered all the necessary *Miller* factors at Petitioner's re-sentencing and that "[Petitioner]'s sentence *does not violate the Eighth Amendment*." *Bryant*, 609 Fed. Appx. at 927 (emphasis added).[3] Further, in claim three, Petitioner alleges that his constitutional rights were violated when the Court denied his request to appoint a neuropsychological expert at his resentencing hearing. (2020 Mot. Vacate at 6–7). Nonetheless, the Ninth Circuit previously held that "to the extent [Petitioner] argues that the district court erred under *Miller* by refusing to grant a continuance so that [he] could receive a psychiatric examination, the district court did not abuse its discretion in denying the request." *Bryant*, 609 Fed. Appx. at 927.

In sum, Petitioner has already been given a full and fair opportunity to litigate the issues reiterated in claims two, three and four. As such, Petitioner is precluded from re-litigating these issues in a § 2255 motion, and thus, the Court denies his Motion as to these grounds for relief. *See Hayes*, 231 F.3d at 1139.

### C. Claim Five

In claim five, Petitioner argues, for the first time, that his trial counsel, Cheryl Field-Lang, provided ineffective assistance with respect to her examination of witnesses. (2020 Mot. Vacate at 9–11). Specifically, Petitioner explains that his counsel failed to properly investigate

---

[3] This is the second § 2255 petition that Petitioner has filed following the Ninth Circuit's decision in *United States v. Bryant*. (*See* 2020 Mot. Vacate, ECF No. 835); (2016 Mot. Vacate, ECF No. 755). In Petitioner's 2016 Motion to Vacate, the Court similarly rejected arguments that the district court failed to properly re-sentence Petitioner under *Miller* as successive claims. (*See* Order 5:12–7:6, ECF No. 826).

and impeach government witnesses with prior inconsistent statements, even when Petitioner pointed out the inconsistencies in the witnesses' statements. (*Id.*). In response, the Government argues that Petitioner procedurally defaulted on this claim because he could have raised it earlier and demonstrates no cause or prejudice to justify the delay. (Resp. 10:24–11:2).

In general, when a petitioner fails to raise a legal argument on direct appeal, the "procedural default" rule applies to bar collateral review under § 2255, unless the petitioner can show cause and prejudice or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* Accordingly, here, Petitioner has not procedurally defaulted on his ineffective assistance of counsel claim, and the Court may consider the merits of his arguments. *Franco v. United States*, No. 12CR0236-GPC, 2020 WL 6203096, at *3 (S.D. Cal. Oct. 22, 2020) ("ineffective assistance of counsel claims are not procedurally defaulted if not raised on direct review, [and] the Court may consider the merits of Petitioner's ineffective assistance of counsel claim").

To establish ineffective assistance of counsel, a petitioner must first show that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (citations omitted). Second, a petitioner must also show that he was prejudiced by that performance. *See id.* at 692. Under this standard, the question is whether "counsel's representation fell below an objective standard of reasonableness," and the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (citations omitted). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing

counsel, and with the judge." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Here, Petitioner has failed to establish an ineffective assistance of counsel claim under the *Strickland* standard. In his Motion, Petitioner identifies three instances where his counsel potentially failed to impeach a witness: (1) trial counsel failed to impeach LaQuinta Washington, a witness to the drive-by shooting, with prior inconsistent statements after "her version of events changed;" (2) trial counsel failed to investigate whether witness Antwon Hunt was "coached" prior to testifying before the grand jury; and (3) trial counsel failed to impeach Jarbery Carter, who testified that Petitioner shot at him, about the meaning of Carter's tear-drop face tattoo. (2020 Mot. Vacate at 9–11). While "an attorney's failure to prepare for and challenge the testimony of a critical witness *may* be so unreasonable as to violate both prongs of the *Strickland* test," in this case, Petitioner has not demonstrated how his trial counsel's examination of Washington, Hunt, and Carter was so deficient that it rises to that level. *Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2002) (emphasis added). For example, Petitioner does not explain the alleged inconsistencies in Washington's "version of events," or the content of Hunt's testimony, or the importance Carter's face tattoo. Without presenting a factual basis to support his arguments, Petitioner can neither overcome the "strong presumption" that his representation was reasonable nor support a claim that his attorney's conduct fell outside of an objective standard of representation. *Ferreira–Alameda*, 815 F.2d at 1253.

Further, even if Petitioner were able to establish that trial counsel's examination of Washington, Hunt, and Carter was not "within the range of competence demanded of attorneys in criminal cases," Petitioner does not attempt to establish a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland*, 466 U.S. at 694.  Accordingly, the Court finds that Petitioner's ineffective assistance of counsel claim is without merit.

### C. Certificate of Appealability

As discussed above, the Court will amend Petitioner's judgment to reflect a total sentence of 70 years and a fine of $1,000.  To the extent that Petitioner seeks to appeal other determinations made herein, the Court will not issue a certificate of appealability, which is required for Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001).  This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised in Petitioner's 2020 Motion to Vacate with respect to whether they satisfy the standard for issuance of a certificate of appealability.  The Court determines that the issues do not meet that standard, and therefore **DENIES** Petitioner a certificate of appealability.

//
//
//
//
//
//
//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's *pro se* 2255 Motion, (ECF No. 835), is **GRANTED in part and DENIED in part**, to the extent consistent with this Order.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __17__ day of November, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court