UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:06-cr-00234-GMN-GWF-1 |
| vs. | ) | |
| | ) | **ORDER** |
| DONNIE BRYANT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Petitioner Donnie Bryant's ("Petitioner's") unopposed Motion for Appointment of Counsel, (ECF No. 846).

By the instant Motion, Petitioner requests the Court appoint counsel to assist him in what appears to be an upcoming motion for sentence reduction. Specifically, Petitioner alleges that a sentence reduction is warranted based on a sentencing disparity between the sentence he received and those imposed on his co-defendants. (Mot. Appointment Counsel at 1–2, ECF No. 846). Because Petitioner has yet to file the operative motion for sentence reduction, however, the Court lacks jurisdiction to decide the Motion at this time.

"Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record,'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quotation omitted), and "[i]t is well established that a federal court has the right and the obligation to examine its own subject-matter jurisdiction *sua sponte*." *Pozez v. Clean Energy Capital*, 593 Fed. App'x 631, 632 (9th Cir. 2015) (citations omitted). "With the exception of non-Article III courts, . . . , Article III of the United States Constitution 'limits the jurisdiction of the federal court to 'Cases' and 'Controversies.'" *United States v. Zepeda*, No. 07-cr-01441, 2015 WL 11216744, at *2 (C.D. Cal. Oct. 21, 2015). "A justiciable case or controversy does not include

any dispute of a hypothetical or abstract character." *Jackson v. Warden at Ironwood State Prison*, No. 15-cv-06779, 2015 WL 5445998, at *2 (C.D. Cal. Sept. 16, 2015). Rather, the controversy must be definite and concrete, that is, it must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). It is long established that federal courts do not sit to decide hypothetical issues or give advisory opinions and as the party invoking federal jurisdiction, Petitioner must establish a case or controversy. *See Zepeda*, 2015 WL 11216744, at *2.

The issue here is that Petitioner seeks appointment of counsel for a future, rather than present, controversy. Because Petitioner has yet to file his motion for sentence reduction, "any ruling on whether it would be appropriate to appoint counsel in connection with a motion that does not exist [in this Court], would be an impermissible advisory opinion. The Court therefore lacks jurisdiction to decide the" Motion for Appointment of Counsel. *United States v. Monson*, No. 07-cr-01441, 2016 WL 4010028, at *2 (C.D. Cal. July 7, 2016) (internal citations and quotation marks omitted). Therefore, the Court DENIES Petitioner's request for appointment of counsel, but will appoint counsel at a later date in the event that circumstances arise such that the appointment of counsel is required.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel, (ECF No. 846), is **DENIED**.

**DATED** this __15__ day of March, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court