**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No.: 2:06-cr-00234-GMN-GWF-1 |
| vs. ) | **ORDER DENYING MOTION FOR SENTENCE REDUCTION** |
| DONNIE BRYANT, ) | |
| Defendant. ) | |

Pending before the Court is Defendant Donnie Bryant's Motion for Sentence Reduction ("MSR") under 18 U.S.C. § 3582(c)(1)(A)(i), (ECF No. 849). The Court appointed Defendant counsel, (Order Appointing Counsel, ECF No. 853), who subsequently filed a Supplement to Defendant's Motion, (ECF No. 857). The Government filed a Response to Defendant's Motion and Supplement, (ECF No. 859), to which Defendant filed a Reply, (ECF No. 864).

For the reasons discussed below, the Court **DENIES without prejudice** Defendant's Motion for Sentence Reduction because he has not met his burden of showing extraordinary and compelling reasons warranting such a reduction.

**I.    BACKGROUND**

The Court incorporates the background and procedural history of this case from its Order Granting in Part and Denying in Part Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Order 1:15–4:5, ECF No. 838). In short, in 2008 Defendant was convicted on several counts of Violent Crimes in Aid of Racketeering Activity ("VICAR") in violation of 18 U.S.C. § 1959 and Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c) for acts he committed when he was 16. (J., ECF No. 18). Defendant was sentenced to life imprisonment for the VICAR murder counts, plus an

additional 50 years for his firearm offenses. (*Id.*). Defendant's judgment of conviction has been amended several times following his sentence. (First Am. J., ECF No. 617); (Second Am. J., ECF No. 694); (Third Am. J., ECF No. 828); (Fourth Am. J., ECF No. 840). Defendant is now sentenced to 70 years imprisonment for his VICAR murder counts and firearm offenses. (*See generally* Fourth Am. J.). Defendant filed the instant Motion for Sentence Reduction, (ECF No. 849), which the Court discusses below.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. *Id.* A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after thirty (30) days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he is eligible for compassionate release. *See United States v. Wright*, 46 F.4th 938, 951 (explaining it is the defendant's burden to establish his eligibility for compassionate release")

The Sentencing Commission has recently passed guidance as to when "extraordinary and compelling reasons" exist for compassionate release. U.S.S.G. § 1B1.13(b). Such circumstances include, among others: (1) the medical circumstances of the defendant, (2) the advanced age of the defendant resulting in "a serious deterioration in physical or mental

health," (3)"[t]he death or incapacitation of the caregiver of the defendant's minor child," (4) the defendant, while in custody was the victim of sexual or physical abuse, or (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.*

### III. DISCUSSION

The Government does not dispute that Defendant has exhausted his administrative remedies. (*See generally* Resp., ECF No. 859). As such, the Court turns to whether Defendant has shown extraordinary and compelling reasons warranting a sentence reduction. Here, Defendant argues that a sentence reduction is warranted because: (1) there is an impermissible sentencing disparity between his sentence and that of his codefendant Johnathon Toliver; (2) there may be a sentencing disparity between the sentence he received and the sentence he would likely receive under present sentencing law; and (3) he may have been deprived of the opportunity to earn good time credit under the FSA. (*See* MSR); (Supplement). The Court examines each reason in turn.

#### A. Impermissible Sentencing Disparity Between Codefendants

First, Defendant argues a sentence reduction is warranted because his sentence is "double that of his-codefendant Johnathon Toliver." (Reply 4:1–3, ECF No. 864). Specifically, Toliver was re-sentenced in 2018 to 420 months, or 35 years of imprisonment as opposed to Defendant's 70-year sentence. (*Id.* 3–7). Here, the Court finds the difference in length between Toliver and Defendant's sentence, standing alone, is insufficient to warrant a sentence reduction because Toliver's judgment of conviction is materially different than Defendant's.

Like Defendant, Toliver was convicted on several counts of VICAR in violation of 18 U.S.C. § 1959 and Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c) and sentenced to life imprisonment plus an additional 90 years in July 2008. (J., ECF

1   No. 560 in *United States v. Bryant et al.*, No. 2:06-cr-00234-RHW-GWF-2).  However, in
2   2018, Toliver was resentenced based on a plea agreement he entered with the Government in
3   which he pled guilty to one count of Use of a Firearm During and In Relation to a Crime of
4   Violence in violation of 18 U.S.C. § 925(j)(1). (Plea Agreement, ECF No. 812 in *United States*
5   *v. Bryant et al.*, No. 2:06-cr-00234-RHW-GWF-2).  Thus, Toliver's judgment of conviction
6   and corresponding sentence is materially different than Defendant's because it does not include
7   a VICAR murder count, nor does it include as many counts for the related firearm offenses.
8   (*Compare* Second Am. J., ECF No. 820 in *United States v. Bryant et al.*, No. 2:06-cr-00234-
9   RHW-GWF-2 *with* Fourth Am. J, ECF No. 840 in *United States v. Bryant et al.*, No. 2:06-cr-
10  00234-RHW-GWF-1).  And the Ninth Circuit has made clear that acceptance of a guilty plea is
11  a permissible explanation for a sentencing disparity. *See, e.g., United States v. Valdez-Lopez*, 4
12  F. 4th 886, 893 (9th Cir. 2021) ("Valdez-Lopez's codefendants had received shorter sentences
13  after pleading guilty, and a codefendant's acceptance of a guilty plea is a permissible
14  explanation for a sentencing disparity.")
15      Currently, Defendant's argument rests on the proposition that a sentence reduction is
16  warranted merely because of the difference in length between his and Toliver's sentence.
17  While the difference in length is significant, Defendant bears the burden of explaining why this
18  disparity results from "extraordinary and compelling" reasons as opposed to the permitted
19  reason identified by the Court. *See United States v. Grummer*, 519 F. Supp. 3d 760, 762 (S.D.
20  Cal. 2021) ("As the movant, Defendant bears the burden of establishing that he is eligible for a
21  sentence reduction.") He has not done so here.
22  ///
23  ///
24  ///
25  ///

**B. Sentencing Disparity Following Passage of the First Step Act ("FSA")**

Next, Defendant argues that a sentence reduction is warranted because his sentence may have been impermissibly "stacked" as to his convictions under 18 U.S.C. § 924(c). (Supp. 6:6–8). However, Defendant's counsel acknowledges that she "cannot determine whether the subject sentence was 'stacked' as to his several convictions under . . . . § 924(c)." (*Id.*).

Prior to the FSA, prosecutors could "stack" multiple counts of § 924(c) firearm violations, which resulted in defendants without previous convictions being charged for both a first offense—carrying a five-year mandatory minimum—and a "second or subsequent offense"—carrying a mandatory twenty- or twenty-five-year sentence, to be served consequently—in the same indictment. *United States v. Jones*, 482 F. Supp. 3d 969, 978 (N.D. Cal. 2020) (citing *Deal v. United States*, 508 U.S. 129, 132 (1993)). Thus, someone convicted of two § 924(c) counts in a single offense automatically faced a minimum sentence of 25 to 30 years.

In 2018, Congress enacted the FSA. Section 403(a) of the FSA revised § 924(c) by eliminating the twenty-five-year stacking provision for a "second or subsequent count of conviction" under § 924(c). Instead, the twenty-five-year mandatory-minimum sentence applies only on a second § 924(c) conviction if the defendant has a prior § 924(c) conviction that has become final. The FSA did not make § 403(a) retroactive. *See* FSA § 403(b). However, in *United States v. Chen*, the Ninth Circuit held that "district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." 48 F.4th 1092, 1098 (9th Cir. 2022). The *Chen* court further articulated that "[t]here is no textual basis for precluding district courts from considering non-retroactive changes in sentencing law when determining what is extraordinary and compelling." *Id*. Accordingly, pursuant to *Chen*, this Court must consider the changes in sentencing law to determine whether "extraordinary and compelling" purposes exist.

If Defendant's sentence was stacked, the disparity between the sentence Defendant received and the sentence he would have received after passage of the FSA is likely significant. But Defendant has not shown his sentence was stacked. Instead, Defendant's argument rests on the speculative proposition that it *may* have been stacked. It is Defendant's burden to show "extraordinary and compelling" reasons warranting a sentence reduction. *Grummer*, 519 F. Supp. 3d at 762. Defendant is advised that he must submit argument and evidence demonstrating his sentence was stacked.

**C. Risk and Needs Assessment and Opportunity to Earn Good Time Credit[1]**

Third, Defendant argues that under the FSA, he is entitled to a risk and needs assessment to participate in recidivism reduction programs and accrue earned time credits. (Supp. 4:19–20, 6:14–7:8). Defendant's counsel again acknowledges, however, that she is neither aware of whether Defendant received a risk and needs assessment and has been able to participate in recidivism reduction programs, nor how good time credit has been calculated for Defendant's sentence. (*Id.*). The Court finds a sentence reduction is not warranted on this basis for two reasons.

At bottom, Defendant's argument challenges the "manner, location, or conditions of [his] sentence's execution." 28 U.S.C. § 2241. A "defendant may . . . challenge BOP's calculation [of his sentence]—in other words, the execution of his sentence—by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015). Thus, Defendant's argument regarding earned time credits is better suited to a § 2241 petition. *See, e.g., United States v. Ortiz*, No. 12-cr-62, 2023 WL 1781565, at *5–6 n.3 (W.D.

---

[1] Defendant also advances a sentence reduction is warranted because of his rehabilitative efforts. (MSR at 1). "Although the [C]ourt commends [Defendant] for taking these strides and does not intend to minimize his progress, such rehabilitative efforts do not alone establish 'extraordinary and compelling' circumstances warranting [a sentence reduction]." *United States v. Brooks*, No. 19-cr-0093, 2023 WL 6442595, at *3 (W.D. Wash. Oct. 3, 2023) (citing 28 U.S.C. § 994(t)) (stating that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction in sentence").

Wash. Feb. 6, 2023) (noting that the defendant's argument regarding earned time credits was "likely better suited to a . . . § 2241 petition"); *see United States v. Samal*, No. 18-cr-0214, 2023 WL 2579887, at *6 (W.D. Wash. Mar. 16, 2023) (same).

Moreover, Defendant has neither shown that he has yet to receive a risk and needs assessment nor the opportunity to receive earned time credits; he merely advances that such a deprivation *may* have occurred. But without evidence to support his argument, it remains equally likely he received the precise relief he now requests. It bears repeating that it is Defendant's burden to show a sentence reduction is warranted. *Grummer*, 519 F. Supp. 3d at 762. The Court will not grant a sentence reduction based on speculation.[2] Accordingly, the Court finds Defendant's claims are more appropriately remedied through a § 2241 petition, and even if considered on the merits, his claims fail to show a sentence reduction is warranted.

**D. Home Confinement**

Additionally, Defendant also contends that the FSA requires the BOP to confine him within 500 miles of his home in Nevada and seeks an order compelling the BOP to transfer him to a facility within that radius. (Supp. 7:10–22).

The FSA amended 18 U.S.C. § 3621(b) to provide that the BOP shall "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence." Notwithstanding this language, section 3621(b) still preserves the BOP's discretion to consider all pertinent factors

---

[2] Even if the Court were to consider Defendant's challenge to the BOP's calculation of his FSA earned time credits and as a basis for sentence reduction, district courts within the Ninth Circuit have found that a "failure or denial or denial of the BOP to calculate time credits does not constitute an extraordinary or compelling reason justifying compassionate release." *United States v. Capetillo-Davila*, No. 19-cr-00178, 2023 WL 2599612, at *4 (D. Haw. Mar. 22, 2023); *see* (*United States v. Penitani*, No. 12-cr-00514, 2022 WL 4132900, at *4 (D. Haw. Sept. 12, 2022) ("Penitani does not show an extraordinary and compelling reason justifying compassionate release in claiming that the BOP has failed to consider him for low security status or to calculate his earned time credits."); *United States v. Hayes*, 2023 No. 3:15-cr-05490, 2023 WL 2242101, *1 (W.D. Wash. Feb. 27, 2023) (same).

in making placement decisions, including "bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns." Thus, the text of the statute refutes Defendant's contention that the BOP is required to place him in any particular prison. *See United States v. Segura*, No. 3:13-cr-00057, 2019 WL 2099920, at *1 (D. Nev. May 13, 2019) ("[W]hile a provision of the First Step Act requires BOP to 'place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence,' this requirement is tempered by numerous other considerations[.]" (quoting 18 U.S.C. § 3621(b))).

Moreover, the statute expressly states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b). The FSA does not divest the BOP of its statutory discretion to determine the location of an inmate's imprisonment, and this Court does not have the authority to compel the BOP to make any retroactive placement decisions. *See e.g., Porche v. Salazar*, No. 19-CV-00077, 2019 WL 1373683, at *1 (D. Or. Mar. 5, 2019), *report and recommendation adopted*, 2019 WL 1371139 (D. Or. Mar. 26, 2019) ("Even though petitioner characterizes the BOP's decision as a 'refusal' to reconsider his designation, that refusal effectively designates petitioner's place of imprisonment and is not reviewable."). Accordingly, the Court DENIES Defendant's request to the extent it seeks to compel the BOP to make a placement decision but recommends to the BOP that Defendant be housed in a facility as close to Nevada as possible.

///

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 849), is **DENIED without prejudice.** The Court will give Defendant until February 1, 2024, to file another motion for sentence reduction. Any renewed motion should remedy the deficiencies identified in this Order.

**IT IS FURTHER ORDERED** that the Court **RECOMMENDS** that Defendant be transferred within 500 miles of his primary residence.

**DATED** this __14__ day of November, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court