**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DONNIE BRYANT,

Defendant.

Case No.: 2:06-cr-00234-GMN-GWF

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Pending before the Court is Defendant Donnie Bryant's Motion for Sentence Reduction ("MSR") under 18 U.S.C. § 3582(c)(1), (ECF No. 888). He raises just one reason to reduce his sentence: "inadequate counsel." (*Id.* at 1).

Two years ago, Defendant filed a prior MSR in which he alleged ineffective assistance of counsel, among other claims. (*See* First Mot. Sent. Reduc., ECF No. 877). The Court denied that portion of the MSR because "a motion for [sentence reduction] is not an appropriate vehicle for a collateral attack against a defendant's sentence." (Order 17:19–20, ECF No. 886 (quoting *United States v. Carlos-Tofolla*, No. 1:17-cr-00343, 2023 WL 3484163, at *2 (D. Idaho May 16, 2023)). The Court explained:

> The "exclusive method of collaterally attacking a federal conviction or sentence" is 28 U.S.C. § 2255, precluding a defendant "from the use of another mechanism, such as [sentence reduction] or compassionate release, to sidestep § 2255's requirements." *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). Multiple circuits have held that a collateral attack cognizable under § 2255 cannot properly be framed as a motion for sentence reduction under § 3582(c)(1). *See, e.g., United States v. Escajeda*, 58 F.4th 184, 187–88 (5th Cir. 2023); *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022); *Ferguson*, 55 F.4th 270.
>
> The Court agrees with these circuits. "[A]lthough a § 3582 motion is a continuation of a prior criminal proceeding, the relief it offers is limited to the narrow sentencing issues prescribed in the statute itself." *United States v. Chavira-Nunez*, 689 Fed. App'x 896, 899 (10th Cir. 2017). "[I]t cannot be used to create a new vehicle for a collateral attack on a conviction," such as an ineffective

> assistance of counsel challenge. *United States v. Verners*, 136 Fed. App'x 142, 145 (10th Cir. 2005).

(*Id.* 16:22–18:9). The law has not changed in the two years since the Court denied the prior MSR. Defendant still may not bring an ineffective assistance of counsel claim through a § 3582 Motion for Sentence Reduction. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 888), is **DENIED.**

**DATED** this __27__ day of October, 2026.

________________________________
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT